## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### EASTERN DIVISION

| | |
|---|---|
| **GREGORY RUTH,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Civil Action No. 3:06CV-1137-WKW |
| | ) |
| **THE CADLE COMPANY,** | ) |
| | )  **JURY TRIAL DEMANDED** |
| Defendants. | ) |

RECEIVED

2006 DEC 22  P 3: 50

DEBRA P. HACKETT CLK
U.S. DISTRICT COURT

### COMPLAINT

This is an action brought by Plaintiff for actual and statutory damages, attorney's fees and costs for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereafter "FDCPA"); and for compensatory and punitive damages for the Defendants' violations of Alabama State Law set forth herein.

### JURISDICTION

1.    Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2.    This action arises out of Defendants' violations of the Fair Debt Collection Practices Act "FDCPA", 15 U.S.C. § 1692 *et seq.* and the invasions of

Plaintiffs' personal privacy and malicious prosecution by these Defendants in their illegal efforts to collect a consumer debt.

3.  Venue is proper in this District because the acts and transactions occurred here, and Defendants transact business here. Furthermore, the conduct complained of occurred in Russell County, Alabama wherein the Defendants wrongfully, without probable cause and with malice caused a lawsuit to be filed in that Circuit Court naming the Plaintiff as a defendant.

## PARTIES

4.  Plaintiff Gregory Ruth is a natural person, is over the age of twenty-one (21), is who resides in the County of Hillsborough , State of Florida, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5.  Defendant The Cadle Company (hereinafter "Cadle") is believed to be an Ohio Corporation, was at all times relevant doing business in the State of Alabama. Cadle is believed to be a buyer of defaulted debt and a collection agency operating from an address of 100 North Center Street, , Newton Falls, Ohio.

6.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

7.  On December 27, 2005, Cadle wrongfully, illegally, without probable cause and with malice filed a lawsuit in the Circuit Court of Russell County, Alabama styled *The Cadle Company vs. Gregory Ruth, CV 2005-516*. (see

Exhibit 1) This lawsuit alleged that Gregory Ruth owed Cadle $23,793.50 plus attorney's fees for a balance on a written instrument dated June 6, 1985. The alleged debt in which Cadle commenced suit on was owed to a third party. Cadle purportedly purchased said debt from the third party on or around October 4, 1996.

8.    The alleged debt was primarily for personal, family or household purposes.

9.    Cadle filed its State Court action in Alabama when it knew, or should have known the proper venue should be Georgia. The contract in which Cadle sued upon plainly stated in its terms "this contract shall be construed in accordance with the laws of the United States and of the state of Georgia". Cadle filed this suit with no reasonable belief it would prevail.

10.    Cadle knowingly and intentionally filed its suit in an Alabama State Court when they knew the proper venue for such action, if not time barred, would have been Georgia.

11.    Defendants knowingly made false representations as to the character, amount and legal status of said debt.

12.    On or about October 29, 2005, Plaintiff told Cadle to cease contact with him and further advised Cadle that the alleged debt was out of the statute of limitations and that if he heard from them again, he would hire an attorney. Cadle threatened they would file suit against him, and in fact did on December 27, 2005.

3

13.    Cadle knowingly contacted Plaintiff, both at home and at his place of employment after being told to cease communications with the Plaintiff. Cadle threatened to take legal action that they knew could not be legally taken.

14.    Cadle then filed a Motion for Summary Judgment against Plaintiff for the alleged debt. Ruth responded with an opposition motion to Cadle's motion and in the alternative, filed his own Motion for Summary Judgment. The Honorable Albert Johnson, Circuit Court Judge for Russell County, on August 28, 2006 denied Cadle's motion and granted Ruth's motion declaring Cadle's Russell County action to be time barred. (see Exhibit 2)

15.    Cadle subsequently filed a motion to reconsider; which was again denied by Judge Johnson. (see Exhibit 3)

16.    Plaintiff has consistently denied responsibility for the alleged debt. Plaintiff personally informed Cadle the alleged debt was barred by any applicable statute of limitation.

17.    Cadle knowingly violated numerous provisions of the FDCPA including but not limited to: threatening to; and actually filing a lawsuit on debt it knew or should have known to be time barred, misrepresenting the character, amount and legal status of the alleged debt, communicating with the plaintiff after being told to cease such communication and various other violations.

18.    Cadle filed its time barred State Court action in Alabama in order to harass, oppress and forum shop for favorable legal precedents.

19.    Cadle, without probable cause, with malice and knowledge that the alleged claims for collection of an account was beyond any applicable statute of limitation, cause a lawsuit to be filed in the Circuit Court of Russell County, Alabama.

## CAUSES OF ACTION

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## "FDCPA"

## COUNT 1

## COMMUNICATION IN CONNECTION WITH DEBT COLLECTION

## 15 U.S.C. § 1692c

20.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21.    15 U.S.C. § 1692c(c) prohibits debt collectors from communicating with alleged debtors once they have been told to cease such communication.

22.    Cadle violated 15 U.S.C. § 1692c(c) and § 1692c(a)(3) by calling Plaintiff on numerous occasions, both at home and his place of employment after Plaintiff instructed Cadle to cease  communication and informing Cadle the alleged debt was beyond the applicable statute of limitation.

23.   As a result of each and every Defendant's violations of the FDCPA,

Plaintiffs are therefore entitled to <u>actual damages</u> pursuant to 15 U.S.C. §

1692k(a)(1); <u>statutory damages</u> in an amount up to $1,000.00 pursuant to 15

U.S.C. § 1692k(a)(2)(A); and, <u>reasonable attorney's fees and costs</u> pursuant

to 15 U.S.C. § 1692k(a)(3) from each and every Defendant herein.

## COUNT 2

## HARASSMENT OR ABUSE

## 15 U.S.C. § 1692D

24.   Plaintiff incorporates by reference all of the paragraphs of this Complaint as

though fully stated herein.

25.   15 U.S.C. § 1692d prohibits debt collectors from engaging in any conduct

the natural consequence of which is to harass, oppress, or abuse any person

in connection with the collection of a debt.

26.   Defendants knowingly and intentionally filed a time barred lawsuit which

harassed, oppressed and caused the Plaintiff to suffer anguish, economic

damages and financial hardship.

27.   Defendants continued to call Plaintiff at home and at his place of

employment after being told to cease and desist contacting Plaintiff.

28.   Defendants knowingly and intentionally filed a time barred lawsuit in a

forum they knew to be wrong in order to obtain favorable rulings on its

failed theories.

29.     As a result of each and every Defendant's violations of the FDCPA,

Plaintiffs are therefore entitled to <u>actual damages</u> pursuant to 15 U.S.C. §

1692k(a)(1); <u>statutory damages</u> in an amount up to $1,000.00 pursuant to 15

U.S.C. § 1692k(a)(2)(A); and, <u>reasonable attorney's fees and costs</u> pursuant

to 15 U.S.C. § 1692k(a)(3) from each and every Defendant herein.

## COUNT 3

### FALSE OR MISLEADING REPRESENTATIONS

### 15 U.S.C. §1692e

30.     Plaintiff incorporates by reference all of the paragraphs of this Complaint as

though fully stated herein.

31.     15 U.S.C. § 1692e prohibits debt collectors from using false, deceptive, or

misleading representations or means in connection with the collection of any

debt.

32.     Defendants violated 15 U.S.C. § 1692e(2)(a) when they misrepresented the

character, amount and/or legal status of the alleged debt. When Cadle filed

its Russell County, Alabama action, Cadle stated Plaintiff owed them

$23,793.50 plus other fees when in reality, the amount that would have been

owed if the debt was still within the statute of limitations was much less.

33.     Defendants violated 15 U.S.C. § 1692e(5) when they threatened to file suit

on a debt they knew or should have known to be beyond the statute of

limitations.

34.    Defendants violated 15 U.S.C. § 1692e(8) when they reported credit information which is known to be false including failure to communicate that the debt is disputed.

35.    Defendants violated 15 U.S.C. § 1692e(10) by using false or deceptive means in an attempt to collect the alleged debt. Cadle violated 15 U.S.C. § 1692e(10) by commencing a State Court collection lawsuit on a time barred debt. The use of the State Courts to knowingly collect on a time barred debt constitutes a false or deceptive act.

36.    Defendants further violated 15 U.S.C. § 1692e(10) by filing its collection action in Alabama when it knew or should have known the proper venue was Georgia. These false and deceptive acts have caused the Plaintiff to suffer damages.

37.    As a result of each and every Defendant's violations of the FDCPA, Plaintiffs are therefore entitled to <u>actual damages</u> pursuant to 15 U.S.C. § 1692k(a)(1); <u>statutory damages</u> in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, <u>reasonable attorney's fees and costs</u> pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant herein.

## COUNT 4

## UNFAIR PRACTICES

### 15 U.S.C. §1692f

38.    Plaintiff incorporates by reference all of the paragraphs of this Complaint as
though fully stated herein.

39.    15 U.S.C. § 1692f prohibits debt collectors from using unfair or
unconscionable means to collect or attempt to collect any debt.

40.    Defendants violated 15 U.S.C. § 1692f by commencing a State Court action
on a debt they knew or should have known to be barred by any applicable
statute of limitation.

41.    Defendants further violated 15 U.S.C. § 1692f by commencing an action in
Alabama when they knew of should have known the proper venue was
Georgia.

42.    These unfair practices have caused the Plaintiff to suffer damages.

43.    Defendants continued to call Plaintiff at home and his place of employment
after being told to cease and desist contacting Plaintiff.

44.    As a result of each and every Defendant's violations of the FDCPA,
Plaintiffs are therefore entitled to actual damages pursuant to 15 U.S.C. §
1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15
U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant
to 15 U.S.C. § 1692k(a)(3) from each and every Defendant herein.

## COUNT 5

## MALICIOUS PROSECUTION

45.    Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

46.    On or about the 27th day of December, 2005, Defendants maliciously and without probable cause obtained the issuance of a summons and complaint alleging that the Plaintiff owed defendants the sum of Twenty-three thousand seven hundred ninety-three dollars and fifty cents ($23,793.50) plus Three thousand five hundred sixty-nine dollars and two cents ($3,569.02) in attorneys fees for total of Twenty-seven thousand three hundred sixty-two dollars and fifty-two cents. ($27,362.52)

47.    On the 28th day of August, 2006, judgment was given in favor of the Plaintiff (Ruth) against Cadle in case number CV 2005-516 in the Circuit Court of Russell County, Alabama.

48.    On the 17th day of November, 2006, Cadles' Motion to Alter or Amend was denied.

49.    As a proximate result of Cadle's malicious prosecution of said cause, the Plaintiff was caused to suffer mental anguish and distress, humiliation, injury to credit worthiness, shame, financial hardship, monetary expenses associated

with defending the malicious prosecution claims including attorneys fees and

costs, and such other relief the jury may find just and proper.

50.  Plaintiff claims punitive damages due to the malicious nature of the

defendants conduct.

## COUNT 6

### INVASION OF PRIVACY UPON SECLUSION

51.   Plaintiff incorporates by reference all of the paragraphs of this Complaint as

though fully stated herein.

52.   Defendants intentionally interfered, physically or otherwise, with the

solitude, seclusion and or private concerns or affairs of the Plaintiff.

53.   Plaintiff had a reasonable expectation of privacy in Plaintiffs' solitude,

seclusion, and or private concerns or affairs.

54.   Defendants intentionally caused harm to Plaintiffs' emotional well being by

engaging in highly offensive conduct in the course of collecting this debt

thereby invading and intruding upon Plaintiffs' right to privacy.

55.   These intrusions and invasions by Defendants occurred in a way that would

be highly offensive to a reasonable person in that position.

56.   As a proximate consequence of said invasion of the right of privacy, the

Defendants have caused the Plaintiff to suffer worry, fright, humiliation, loss

of sleep, anxiety, nervousness, family discord, anger, physical pain and

sickness, mental anguish, distress and economic losses and hardship.

57.    As a result of such invasions of privacy, Plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial from each and every Defendant.

58.    **WHEREFORE PREMISES CONSIDERED**, Plaintiff demands judgment against the Defendants, separately and severally, for the following:

    A. Declaratory Judgment that Defendants conduct violated the FDCPA;

    B. Statutory Damages of $1,000.00 from each defendant for their violations of the FDCPA (15 U.S.C. § 1692k);

    C. Actual Damages for Defendants violations of the FDCPA;

    D. Costs and reasonable attorney's fees from the Defendants pursuant to 15 U.S.C. § 1692k; and

    E. Compensatory and Punitive Damages against Defendants in an amount to be determined by a struck jury on Plaintiff's state law claims for damages due to the Malicious Prosecution claims and Invasion of Privacy.

    F. For such other and further relief as the Court may deem just and proper.

Respectfully submitted this 22nd day of December, 2006.

_____
Glenn J. Shaull (SHA063)

**OF COUNSEL:**
SHAULL LAW FIRM, P.C.
The Highland Building
2201 Arlington Avenue South
Birmingham, Alabama 35205-4003
205-933-8501  Telephone
205-933-8560   Fax


## PLEASE SERVE DEFENDANTS VIA CERTIFIED MAIL AT:

The Cadle Company
100 North Center Street,
Newton Falls, Ohio 44444

## VERIFICATION OF COMPLAINT AND CERTIFICATION

State of **FLORIDA**                    )
                                        )
County of **HILLSBOROUGH**  )

      Plaintiff Gregory Ruth, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

8.

GREG RUTH

Sworn to and subscribed before me this the 22nd day of December, 2006.

NOTARY PUBLIC
My Commission Expires: Sept 24, 2010

SYLVIA L. PARHAM
MY COMMISSION # DD 565926
EXPIRES: September 24, 2010
Bonded Thru Notary Public Underwriters

# EXHIBIT
# 1

IN THE CIRCUIT COURT
OF RUSSELL COUNTY, ALABAMA

THE CADLE COMPANY,                    )
                                      )
          Plaintiff,                  )
                                      )
vs.                                   )        Case Number _CV-05-516_
                                      )
GREGORY RUTH,                         )
                                      )
          Defendant.                  )

---

## COMPLAINT

---

Plaintiff claims of the Defendants the sum of Twenty Three Thousand Seven Hundred Ninety Three Dollars and Fifty Cents ($23,793.50) for balance owing on a written instrument dated June 6, 1985. The written instrument is attached hereto as Exhibit A and made a part hereof as if fully set out herein.

Plaintiff also claims of the Defendant the sum of Three Thousand Five Hundred Sixty Nine Dollars and Two Cents ($3,569.02) as attorney fees as provided for on Exhibit A.

WHEREFORE, Plaintiff claims of the Defendant the sum of Twenty Seven Thousand Three Hundred Sixty Two Dollars and Fifty Two ($27,362.52) plus interest and costs.

**KRACKE & THOMPSON, LLP**

**Robert R. Kracke (KRA002)**
Attorney for Plaintiff
808 29th Street South, Suite 300
Birmingham, Alabama  35205
Telephone (205) 933-2756
Facsimile: (205) 939-1248

I

EXHIBIT 1

<u>Plaintiff's Address:</u>
100 North Center Street
Newton Falls, OH 44444

<u>Serve Defendant by Certified Mail</u>:
Gregory Ruth
1204 Oak Pointe Place
Plant City, FL 33566

# **ALLONGE**

Reference is made to Manufactured Housing Retail Installment Contract and Security Agreement dated June 6, 1985 from Gregory D. Ruth and Sophia B. Cameron to Frander & Frander and assigned to Forward Properties, Inc., in the original principal amount of $12,230.00. It is intended that this Allonge be attached to the Note.

Pay to the order of THE CADLE COMPANY, without recourse.

Dated:  October ___10___, 2005

FORWARD PROPERTIES, INC.

By: _____
Name:  Gordon Eagle
Title: ___President___

Debtor:  Gregory Ruth
Our File No.  0S360341
I:\Kate\ASSIGNING DEPT\Matt\0t360\05360341  G  Ruth  Allonge.doc

# EXHIBIT
# 2

| | | |
|---|---|---|
| THE CADLE COMPANY, | ) | IN THE CIRCUIT COURT OF |
| Plaintiff, | ) | RUSSELL COUNTY, ALABAMA |
| VS. | ) | CASE NO. CV 05-516 |
| GREGORY RUTH, | ) | |
| Defendant, | ) | |

## ORDER

"Motion for Summary Judgment" having been filed herein by the plaintiff, it is,

ORDERED, ADJUDGED, AND DECREED:

That summary judgment for the plaintiff is denied. Summary judgment for the defendant is granted. This case is ordered dismissed.

That notice shall issue to all parties.

DONE this the 28th day of August 2006.

_____
ALBERT L. JOHNSON, CIRCUIT JUDGE

EXHIBIT 2

# EXHIBIT
# 3

THE CADLE COMPANY,                    )    IN THE CIRCUIT COURT OF

              PLAINTIFF,          )    RUSSELL COUNTY, ALABAMA

VS                                    )

GREGORY RUTH,                         )    CASE NO. CV 05-516

              DEFENDANT,          )


## ORDER

Upon plaintiff's "Motion to Alter or Amend" having been filed herein,

It is

ORDERED, ADJUDGED, AND DECREED:

That plaintiff's "Motion to Alter or Amend" is denied.

That notice shall issue to all parties.

DONE this the 17th day of November 2006.

_____
ALBERT L. JOHNSON, CIRCUIT JUDGE

FILED IN OFFICE
2006 NOV 17 PM 2:38
CIRCUIT DIST. COURT
RUSSELL CO.

EXHIBIT 3