IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| **GREGORY RUTH,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:06-CV-01137-WKW-SRW |
| | ) | |
| **THE CADLE COMPANY,** | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE AS TO WHY DEFENDANT'S MOTION TO STAY SHOULD NOT BE GRANTED**

**COMES NOW** the Plaintiff, by and through his counsel of record, and files this response to the Court's Order to show cause as to why the defendant's motion to stay should be denied and states as follows:

Defendant, the Cadle Company, (hereinafter "Cadle"), mistakenly pleads as a defense its Motion to Stay the action. Plaintiff hereby moves this Honorable Court to strike Cadle's Motion to Stay based on its failure to properly plead the issue. This request is made pursuant to *FRCP 12(f)* and is timely.

Additionally, Cadle mistakenly states that this "complaint arose out of the action filed by Defendant against Plaintiff in the Circuit Court of Russell

County, Alabama…". In truth, the complaint was filed pursuant to *15 U.S.C. §1692 et.seq,.* the Fair Debt Collection Practices Act (hereinafter "FDCPA"). The purpose of the FDCPA is to protect consumers from collection misconduct and resulting injuries. The FDCPA establishes general standards of proscribed conduct, defines and restricts abusive collection acts (in detail) and provides specific rights for consumers. General standards of proscribed conduct protect a consumer from invasion of privacy, harassment, abuse, false and deceptive representations and unfair or unconscionable collection methods. Counts one, two, three, four and six of the Plaintiff's complaint contain allegations that arose out of the defendant's collection actions and have nothing to do with the underlying state court action. These actions can be brought by a consumer because Congress intended private action to be the main vehicle for enforcing the FDCPA. Count five of Plaintiff's complaint derives its authenticity because all of the elements of a malicious prosecution claim have been met;

    1. a judicial proceeding initiated by the defendant;
    2. the lack of probable cause;
    3. malice on the part of the defendant;
    4. termination in favor of the plaintiff; and
    5. damage to the plaintiff as a result.
    (see Wood v Kessler, 323 F.3d. 872 (11th Cir. 2003)

      The only issue on appeal is whether Cadle filed a time barred lawsuit in the underlying state court action. The issues of §1692c, d, e or f

did not arise in or out of the underlying state court action nor did the invasion of privacy claim. These all occurred separately from this action and the Plaintiff has the right to bring these actions under the FDCPA in any appropriate United States District Court without regard to the amount in controversy. 15 U.S.C § 1692k(d).

The malicious prosecution count is the only count in this complaint that may relate, in any way to the underlying state court action; but does not relate to the appeal.

WHEREFORE PREMISES CONSIDERED, the defendant's motion to stay should be stricken or in the alternative denied because the appeal of the underlying state court action in no way relates to the Plaintiff's right to bring an action for violations of the FDCPA. Additionally, proceeding with this action does not prejudice the rights of any party and will only result in a delay of the Plaintiff's right to pursue Cadle for their violations of the FDCPA and resulting state law claims.

Respectfully submitted this 7th day of February, 2007.

s/Glenn J. Shaull
Glenn J. Shaull (SHA063)
Attorney for Greg Ruth

**OF COUNSEL:**
Shaull Law Firm, P.C.
The Highland Building
2201 Arlington Avenue South
Birmingham, Alabama 35205
205-933-8501  Telephone
205-933-8560  Fax

## CERTIFICATE OF SERVICE

   I hereby certify that I have electronically filed the foregoing with the Clerk of Court using the CM/ECF filing system which will send notification of such filing to the following:

Jack R. Thompson, Jr.
Kracke & Thompson, LLP
jthompson@ktlegal.com

                                           s/Glenn J. Shaull
                                           Glenn J. Shaull (SHA063)