IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| GREGORY RUTH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CV06-1137-WKW |
| ) | |
| ) | |
| THE CADLE COMPANY, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S MOTION TO EXTEND TIME
TO RESPOND TO WRITTEN DISCOVERY**

COMES NOW, the Defendant, The Cadle Company, by and through the undersigned counsel, pursuant to Rules 26(c), 33, 34 and 36 of the Federal Rules of Civil Procedure, and requests an Order extending the time for the Defendant to respond to the Plaintiff's Interrogatories, Requests for Production of Documents, and Requests for Admissions. As grounds for this motion, the Defendant states as follows:

1. Plaintiff served his first sets of Interrogatories, Requests for Production of Documents, and Requests for Admissions on August 14, 2007. These requests are attached as exhibits hereto.

2. Upon information and belief, prior counsel for the Defendant, whose representation of the Defendant has now been terminated, had an agreement with counsel for the Plaintiff that Defendant's objections and responses to such written discovery would be provided on September 18, 2007 (today), and, if so provided, would be deemed timely.

3. The Defendant has just, as of September 17, 2007, retained the undersigned counsel in this case, and counsel has not had an adequate opportunity to obtain the complete file, to become

familiar with the facts and legal issues that are presented, or to even review in any detail any of the discovery requests propounded by the Plaintiff. Counsel will attempt to prepare responses to the discovery requests today, but additional time may be needed to prepare complete responses.

4. Counsel requests an extension of one (1) week, until next Tuesday, September 25, 2007, to serve Defendant's objections and responses to such discovery requests.

5. An extension as requested herein will not interfere with or impact any deadline for completion of discovery or any pending motion and will not otherwise prejudice any party.

6. Before filing this motion, the undersigned counsel has conferred with counsel for the Plaintiff, but counsel for the Plaintiff – while acknowledging the aforementioned agreement with prior counsel for the Defendant – has refused to agree to this requested extension and has taken the position that all objections to the written discovery have been waived and all facts set forth in the requests for admissions have been admitted.

/s/Brenton K. Morris
Brenton K. Morris (ASB: 8119-R46B)

**OF COUNSEL:**

BENTON & CENTENO, L.L.P.
2019 Third Avenue North
Birmingham, Alabama 35203
Phone: (205)278-8000
Facsimile: (205)278-8008
Email: bmorris@bcattys.com

**CERTIFICATE OF SERVICE**

 I hereby certify that on the 18th day of September , 2007, I electronically filed the foregoing with the Clerk of the Court using the CM-ECF system, which will send notification of such filing to all parties requesting electronic service, and, served a copy of the above and foregoing upon the below-listed persons/entities by depositing a copy of same in the United States mail, properly addressed, first-class postage prepaid, as follows:

Gerald Alan Templeton, Esq.  
The Templeton Group, PC  
1000 Providence Park, Suite 200  
Birmingham, Alabama 35242  

Glenn Joseph Shaull, Esq.  
Shaull Law Firm, P.C.  
2201 Arlington Avenue South  
Birmingham, Alabama 35205  

Jack R. Thompson, Jr., Esq.  
Kracke & Thompson LLP  
2204 Lakeshore Drive, Suite 306  
Birmingham, Alabama 35205  

/s/Brenton K. Morris  
OF COUNSEL

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | |
|---|---|
| **GREGORY RUTH,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. CV06-1137-WKW |
| | ) |
| **THE CADLE COMPANY,** | ) |
| | ) |
| **Defendant.** | ) |

## ORDER

Upon consideration of the Motion to Extend Time to Respond to Discovery filed by the defendant (Doc. # ___), it is hereby

ORDERED that the motion is GRANTED.

DONE this _____ day of September, 2007.

_____
UNITED STATES MAGISTRATE JUDGE

**ORDER PREPARED BY:**
Brenton K. Morris
BENTON & CENTENO, L.L.P.
2019 Third Avenue North
Birmingham, Alabama 35203
Phone: (205)278-8000
Facsimile: (205)278-8008
Email: bmorris@bcattys.com

G:\wpusers\bkm\Client Files\Cadle Co\Discovery\Order Extending Time to Respond to Discovery.wpd

**IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

| | |
|---|---|
| **GREGORY RUTH,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **CASE NO: 3:06-CV-1137-WKW-TFM** |
| ) | |
| **THE CADLE COMPANY** ) | |
| ) | |
| **Defendant.** ) | |

## PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT

Comes now the Plaintiff in the above-styled matter by and through undersigned counsel of record and pursuant to the Federal Rules of Civil Procedure requires Defendant in the time allowed by law, to answer under oath the following questions and requests:

1.      State the name(s), business address(es) and job title(s) or capacity(ies) of the officer(s), employee(s) or agent(s) answering or providing any information used to answer each Interrogatory.

2.      State the correct legal name of your organization and the type of business entity.

3.      State any other names that your organization uses to identify itself, whether such names are registered with any official, and the date and place of such registration.

4.      State the name, title, address and job description of each director, partner, (general or limited), shareholder, employee, officer, and/or manager of Defendant who authorized or approved filing of the lawsuit filed against the state court defendants (Plaintiff herein) in the Circuit Court action in Russell County Alabama bearing CV 05-516.

5.      Identify and describe any documents, handbooks, policy manuals, memorandum, or any other writings used to describe, depict, record, or establish Defendant's collection methods and collection techniques used in the collection of consumer accounts.

6.      Identify by index listing, (including the title, author, subject, and date of creation) of any reports, memoranda, collection notices or other mailings for collection, used by Defendant to collect debt purchased or owned by Defendant or otherwise used by Defendant in its collection activities.

7. Is Defendant affiliated with any other organization (e.g., common ownership, overlapping offices or managers or common facilities or employees)? If so, describe the affiliation and identify the participants.

8 Identify all present and past contracts or agreements between Defendant and the original creditor of Plaintiff Gregory Ruth and give the date of the initial contract or agreement with the creditor. Include a history of the assignment of the account to the Defendant.

9. Identify the terms of the agreement between Plaintiff Gregory Ruth and the creditor pursuant to which Defendant sought to collect this account from the Plaintiff herein.

10. Describe any other business other than the collection of consumer accounts in which Defendant now engages or in the past have engaged.

11. Identify the attorney(s) in Alabama retained by Defendant to file collection suits during the last 4 calendar years.

12. Identify each document and other method of communication in which the Defendant authorizes an attorney to initiate lawsuits against consumers.

13. Identify each document and other method of communication in which employees or agents of the Defendant determines the statute of limitations before they authorize an attorney to initiate lawsuits against consumers.

14. Identify by name, job title and current employment status (employed or terminated, etc) each account manager, account collector or employee who worked in any capacity on the account being collected against Gregory Ruth. Include those employees from the initial receipt of the account at The Cadle Company until the present day.

15. Identify by caption, court, civil action number and result all litigation filed against the Defendant in the State of Alabama from 2000 to present.

16. If your response to the Requests for Admissions served simultaneously herewith is anything other than an unqualified admission, then please state herein, as to each such denial, the specific facts forming the basis for such denial and identify each witness and document upon which you will rely to support your denial.

17. Describe, step-by-step, the process by which you determined the state court action was not beyond the applicable statute of limitations prior to its filing.

18. State with specificity the Alabama statute of limitations code section upon which you rely and any case law as well.

19. State with specificity the name of the person, job title, and current mailing address and telephone number of the person who made the decision to bring the civil action in Russell County Alabama against Gregory Ruth.

20.     List the legal names and job titles of all current or former employees, from 2000 until present of the Defendant who reports to any credit reporting agency or bureau, any updated or changed information on debtors for the accounts being collected in any of the rooms at the Cadle Building in Newton Falls Ohio.

21.     List the legal names and job titles of all current or former employees, from 2000 until present of the Defendant who requests any information on debtors from any credit reporting agency on the accounts being collected in any of the rooms at the Cadle Building in Newton Falls Ohio.

22.     List the legal names and job titles of all current or former employees, from 2000 until present of the Defendant who have worked in a the computer support, system support or accounting department for the Defendant at the Cadle Building in Newton Falls Ohio.

23.     List the legal names, current job titles and identity (by name or location) of the room wherein they work, for each account manager or collection supervisor of the Defendant from 2000 until present.

24.     List the name and job title of any employee of The Cadle Company who has given a deposition in a civil action that involved collection activities or an allegation of the violation of the Fair Debt Collection Practices Act by The Cadle Company or any of its affiliates.

25.     Provide the full style of case, jurisdiction and venue where filed, names of legal counsel and the civil action number, for all litigation filed against The Cadle Company for any claims of the violation of the Fair Debt Collection Practices Act from 2002 until present.

**This Request shall be deemed continuing so as to require further and supplemental production if defendant obtains additional documents required to be produced between the time of the initial production and the time of trial.**

                                                Respectfully Submitted,

                                                /s/ Gerald A. Templeton
                                                **Gerald A. Templeton, Esq.**
                                                Attorney for Plaintiff

**OF COUNSEL**:
**TEMPLETON GROUP, P.C.**
1000 Providence Park Suite 200
Birmingham, Alabama 35242
(205) 980 8828 phone
(205) 980 8848 Facsimile
jerry@ttgpc.com email

## CERTIFICATE OF SERVICE

I hereby certify that on this **14th** day of August 2007, I served by Electronic Transmission and via First-Class mail, postage prepaid, a true and correct copy of the foregoing document to the following parties:

Jack R. Thompson, Jr., Esq.
**KRACKE & THOMPSON, LLP**
2204 Lakeshore Drive, Suite 306
Birmingham, AL 35205
205 933 2756

/s/ Gerald A. Templeton
OF COUNSEL

**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | |
|---|---|
| **GREGORY RUTH,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   **CASE NO: 3:06-CV-1137-WKW-TFM** |
| | ) |
| **THE CADLE COMPANY** | ) |
| | ) |
| Defendant. | ) |

### PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT

Comes now the Plaintiff in the above-styled matter by and through undersigned counsel of record and pursuant to the Federal Rules of Civil Procedure requires Defendant in the time allowed by law, to answer under oath the following admissions:

1. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. Sect. 1692a(3).

2. The debt the Defendant sought to collect from plaintiff is a "debt" as is defined at 15 U.S.C. Sect. 1692a(5).

3. Defendant is engaged in the collection of debts from consumers using the mail and telephone and you regularly attempt to collect consumer debts alleged to be due another.

4. Defendant is a "debt collector" as that term is defined by the Fair Debt Collection Practices Act, 15 U.S.C. Sect. 1692a(6).

5. The Fair Debt Collection Practices Act, 15 U.S.C. Sect. 1692 et seq., applied to the collection of the debt the Defendant sought to collect from plaintiff.

6. The underlying alleged debt of Plaintiff was incurred for personal, family, or household purposes as it was used to secure the purchase of a manufactured home as the residence of Plaintiff.

7. Prior to the filing of the civil action in state court against Gregory Ruth, employees of the Defendant mailed at least one letter to the Plaintiff that threatened a lawsuit against him in an attempt to collect the underlying debt.

8. The filing of a time-barred civil action on a debt past its statute of limitations violates the Fair Debt Collection Practices Act, 15 U.S.C. Sect. 1692 et seq. as amended.

9.     The threat of filing civil litigation against a consumer to collect a debt when the debt is time-barred is a violation of the Fair Debt Collection Practices Act, 15 U.S.C. Sect. 1692 et seq. as amended.

10.    Defendant has reported negative credit information to a Credit Reporting Agency on Mr. Ruth as part of the Defendant's attempts to collect the underlying debt in the state court action Defendant filed.

11.    Defendant has not corrected erroneous information it provided to a Credit Reporting Agency on Mr. Ruth, plaintiff herein.

12.    By correspondence dated December 15, 1986 to Gregory Ruth, the original creditor, Home Owners Funding Corp. of America accelerated the full amount of the debt owed by Gregory Ruth, repossessed the home and sold the repossessed collateral thereafter. .

13.    In Case 2060287, Styled "The Cadle Company v Gregory Ruth", the Alabama Court of Civil Appeals ruled in favor of Gregory Ruth and against The Cadle Company, and affirmed without opinion, the order of the Circuit Court of Russell County (CV-05-516) that granted summary judgment in favor of Gregory Ruth and dismissing the case filed against Gregory Ruth as the collection action was time-barred under the applicable 6 year statute of limitations.

14.    The Cadle Company is qualified to do business in the State of Alabama.

15.    The Cadle Company has provided annual tax reporting information to the State of Alabama for its activities therein.

16.    The Cadle Company does not maintain any written policy and procedure on determination of the Statute of Limitations of a debt before filing a civil action to collect a debt.

17.    The Cadle Company has been found to have filed time-barred civil actions in Alabama in the collection of debts that violated the Fair Debt Collection Practices Act.

18     The Cadle Company through its employees and agents continues to file time-barred civil actions in the United States that violate the Fair Debt Collection Practices Act.

**This Request shall be deemed continuing so as to require further and supplemental production if defendant obtains additional documents required to be produced between the time of the initial production and the time of trial.**

    Respectfully Submitted,

    /s/ Gerald A. Templeton
    **Gerald A. Templeton, Esq.**
    Attorney for Plaintiff

**OF COUNSEL**:
**THE TEMPLETON GROUP, P.C.**
1000 Providence Park
Suite 200
Birmingham, Alabama 35242
(205) 980 8828 phone
(205) 980 8848 Facsimile
jerry@ttgpc.com email

## CERTIFICATE OF SERVICE

     I hereby certify that on this **14th** day of August 2007, I served by Electronic Transmission and via First-Class mail, postage prepaid, a true and correct copy of the foregoing document to the following parties:

Jack R. Thompson, Jr., Esq.
**KRACKE & THOMPSON, LLP**
2204 Lakeshore Drive, Suite 306
Birmingham, AL 35205
205 933 2756

                                                /s/ Gerald A. Templeton
                                                OF COUNSEL

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **GREGORY RUTH,** ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | |
| vs. ) | **CASE NO: 3:06-CV-1137-WKW-TFM** |
| ) | |
| **THE CADLE COMPANY** ) | |
| ) | |
|     **Defendant.** ) | |

# PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT

    Comes now the Plaintiff in the above-styled matter by and through undersigned counsel of record and pursuant to the Federal Rules of Civil Procedure requires Defendant in the time allowed by law, to produce the following thing and documents:

1      Produce the original of the personnel file for each collector, account manager or supervisor, or other employee involved in the debt collecting operation that had any contact with Plaintiff's file.

2      Produce all manuals and guidelines governing the payment of salary, commission, and bonuses for employees, collecting money in your collection operations, including collectors, supervisors, directors, attorneys, and persons in control which were in effect at any time from January 1, 2002 to the present.

3      Produce copies of any civil complaint or litigation filed against the Defendant after January 1, 2002 to the present wherein the Defendant was sued for violations of the Fair Debt Collection Practices Act.

4.     Produce and attach a true and correct copy of all complaint letters received by Defendant regarding each collector that has ever spoken with or communicated with the Plaintiff.

5.     Provide a listing of each telephone number used by the Defendant from January 1, 2002 until present.  Include in the listing each primary number, secondary number, hunt group number and each extension number in the Cadle Company building in Newton Falls Ohio.

6.     Identify by bates-stamped number if previously produced, the copy of the original contract entered into between any creditor and the Plaintiff, that the Defendant states it has the right to collect upon and all documents in the chain of assignment of that note to the Defendant.

7.      Provide a copy of each and every collection and monitoring criteria used in the collection efforts by Cadle Company employees.

8.      Provide a copy of each form used by Cadle Company Employees to monitor the collection of accounts.

9.      Provide a copy of each and every document that, Defendant contends, shows it was not a debt collector when filing the underlying civil action against the plaintiff.

10.     Produce the original of the collection file on Gregory Ruth for inspection.

11.     Provide a copy of all documents in possession of Defendant showing or proving the verification of the alleged debt.

12.     Provide a copy of each and every complaint filed against the Defendant with the Federal Trade Commission, United States Attorney General and/or all states Attorneys General from January 1, 2002 to present.

13      Provide a copy of each and every Consent Decree, Consent Order, Judgment Order or Injunction entered against the Defendant from January 1, 2002 to the present.

14.     Provide a copy of all documents relating to the procedures used to verify that the alleged debt owed by Plaintiff was not outside of the applicable Alabama statute of limitations.

15.     Provide a copy of all letters received from attorneys from January 1, 2003 through the present complaining about the collection activities or conduct of employees of the Defendant.

16.     Provide a copy of all complaint letters received from consumers from January 1, 2003 through the present complaining about the collection activities or conduct of the Defendant or its collectors.

17.     Provide a copy of all complaints received from Better Business Bureaus from January 1, 2003 through the present complaining about the collection activities or conduct of the defendant's collectors.

18.     Produce a copy of the most recent telephone bill for all telephones used in the Cadle Building in Newton Falls Ohio.

19.     Produce a listing of all current employees by job title, of The Cadle Company.

20.     Produce a listing that gives the full legal name, last job title, last mailing address and last known telephone number of any person who has been terminated from employment at The Cadle Company or who worked in The Cadle Building in Newton Falls Ohio, in any capacity for the period of January 1, 2002 until the present day.

21.     Produce a full and complete copy of each and every insurance policy which is applicable to the Plaintiff's claims or which may provide indemnity for those claims.

22.     Produce any and all documents, tape recordings, computer notes, logs, letters, and any other document or records reflecting attempts to collect sums of money from the Plaintiff.

23.     Produce copies of all tape recordings of conversations between the Plaintiff and Defendant or Defendant's employees.

24.     Produce any document in possession of Defendant that Defendant contends proves or tends to prove that Defendant is not responsible for the damages of Plaintiff in this matter.

**This Request shall be deemed continuing so as to require further and supplemental production if defendant obtains additional documents required to be produced between the time of the initial production and the time of trial.**

                                        Respectfully Submitted,

                                        /s/ Gerald A. Templeton
                                        **Gerald A. Templeton, Esq.**
                                        Attorney for Plaintiff


**OF COUNSEL**:
**TEMPLETON GROUP, P.C.**
1000 Providence Park Suite 200
Birmingham, Alabama 35242
(205) 980 8828 phone
(205) 980 8848 Facsimile
jerry@ttgpc.com email

### CERTIFICATE OF SERVICE

        I hereby certify that on this  **14th** day of August 2007, I served by Electronic Transmission and via First-Class mail, postage prepaid, a true and correct copy of the foregoing document to the following parties:

Jack R. Thompson, Jr., Esq.
**KRACKE & THOMPSON, LLP**
2204 Lakeshore Drive, Suite 306
Birmingham, AL 35205
205 933 2756

                                         /s/ Gerald A. Templeton
                                        OF COUNSEL

3