**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | |
|---|---|
| **GREGORY RUTH,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| **vs.** | )  **CASE NO: 3:06-CV-1137-WKW-TFM** |
| | ) |
| **THE CADLE COMPANY** | ) |
| | ) |
|     **Defendant.** | ) |

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT

Comes now the Plaintiff in the above-styled matter by and through undersigned counsel of record and pursuant to the Federal Rules of Civil Procedure requires Defendant in the time allowed by law, to produce the following thing and documents:

1      Produce the original of the personnel file for each collector, account manager or supervisor, or other employee involved in the debt collecting operation that had any contact with Plaintiff's file.

2      Produce all manuals and guidelines governing the payment of salary, commission, and bonuses for employees, collecting money in your collection operations, including collectors, supervisors, directors, attorneys, and persons in control which were in effect at any time from January 1, 2002 to the present.

3      Produce copies of any civil complaint or litigation filed against the Defendant after January 1, 2002 to the present wherein the Defendant was sued for violations of the Fair Debt Collection Practices Act.

4.      Produce and attach a true and correct copy of all complaint letters received by Defendant regarding each collector that has ever spoken with or communicated with the Plaintiff.

5.      Provide a listing of each telephone number used by the Defendant from January 1, 2002 until present. Include in the listing each primary number, secondary number, hunt group number and each extension number in the Cadle Company building in Newton Falls Ohio.

6.      Identify by bates-stamped number if previously produced, the copy of the original contract entered into between any creditor and the Plaintiff, that the Defendant states it has the right to collect upon and all documents in the chain of assignment of that note to the Defendant.

7.      Provide a copy of each and every collection and monitoring criteria used in the collection efforts by Cadle Company employees.

8.      Provide a copy of each form used by Cadle Company Employees to monitor the collection of accounts.

9.      Provide a copy of each and every document that, Defendant contends, shows it was not a debt collector when filing the underlying civil action against the plaintiff.

10.     Produce the original of the collection file on Gregory Ruth for inspection.

11.     Provide a copy of all documents in possession of Defendant showing or proving the verification of the alleged debt.

12.     Provide a copy of each and every complaint filed against the Defendant with the Federal Trade Commission, United States Attorney General and/or all states Attorneys General from January 1, 2002 to present.

13      Provide a copy of each and every Consent Decree, Consent Order, Judgment Order or Injunction entered against the Defendant from January 1, 2002 to the present.

14.     Provide a copy of all documents relating to the procedures used to verify that the alleged debt owed by Plaintiff was not outside of the applicable Alabama statute of limitations.

15.     Provide a copy of all letters received from attorneys from January 1, 2003 through the present complaining about the collection activities or conduct of employees of the Defendant.

16.     Provide a copy of all complaint letters received from consumers from January 1, 2003 through the present complaining about the collection activities or conduct of the Defendant or its collectors.

17.     Provide a copy of all complaints received from Better Business Bureaus from January 1, 2003 through the present complaining about the collection activities or conduct of the defendant's collectors.

18.     Produce a copy of the most recent telephone bill for all telephones used in the Cadle Building in Newton Falls Ohio.

19.     Produce a listing of all current employees by job title, of The Cadle Company.

20.     Produce a listing that gives the full legal name, last job title, last mailing address and last known telephone number of any person who has been terminated from employment at The Cadle Company or who worked in The Cadle Building in Newton Falls Ohio, in any capacity for the period of January 1, 2002 until the present day.

21.     Produce a full and complete copy of each and every insurance policy which is applicable to the Plaintiff's claims or which may provide indemnity for those claims.

22.     Produce any and all documents, tape recordings, computer notes, logs, letters, and any other document or records reflecting attempts to collect sums of money from the Plaintiff.

23.     Produce copies of all tape recordings of conversations between the Plaintiff and Defendant or Defendant's employees.

24.     Produce any document in possession of Defendant that Defendant contends proves or tends to prove that Defendant is not responsible for the damages of Plaintiff in this matter.

**This Request shall be deemed continuing so as to require further and supplemental production if defendant obtains additional documents required to be produced between the time of the initial production and the time of trial.**

                                        Respectfully Submitted,

                                        /s/ Gerald A. Templeton
                                        **Gerald A. Templeton, Esq.**
                                        Attorney for Plaintiff


**OF COUNSEL**:
**TEMPLETON GROUP, P.C.**
1000 Providence Park Suite 200
Birmingham, Alabama 35242
(205) 980 8828 phone
(205) 980 8848 Facsimile
jerry@ttgpc.com email

## CERTIFICATE OF SERVICE

        I hereby certify that on this  **14**th day of August 2007, I served by Electronic Transmission and via First-Class mail, postage prepaid, a true and correct copy of the foregoing document to the following parties:

Jack R. Thompson, Jr., Esq.
**KRACKE & THOMPSON, LLP**
2204 Lakeshore Drive, Suite 306
Birmingham, AL 35205
205 933 2756

                                         /s/ Gerald A. Templeton
                                        OF COUNSEL