IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **GREGORY RUTH,** | ) |
| **Plaintiff,** | ) ) ) |
| v. | ) ) Case No. CV06-1137-WKW ) |
| **THE CADLE COMPANY,** | ) ) ) |
| **Defendant.** | ) |

## AMENDED EMERGENCY MOTION FOR PROTECTIVE ORDER

COMES NOW, the Defendant, The Cadle Company, by and through the undersigned counsel, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and requests a Protective Order postponing the deposition of the Defendant, which has been scheduled for Wednesday, September 19, 2007, to be taken in Newton Falls, Ohio. As grounds for this motion, the Defendant states as follows:

1. The Defendant has just, as of September 17, 2007, retained the undersigned counsel in this case, and counsel has not had an adequate opportunity to become familiar with the facts and legal issues that are presented. Counsel needs additional time to review the file and confer with the Defendant concerning these matters.

2. The corporate representative that the Defendant would designate as the 30(b)(6) representative is scheduled to participate in a trial in another matter on Wednesday, September 19, 2007, the date that this deposition has been scheduled.

3. The discovery deadline in this case is May 19, 2008. Therefore, a postponement of the deposition should not affect the existing scheduling order or cause undue delay.

G:\wpusers\bkm\Client Files\Cadle Co\Discovery\D-AMENDEDemergency motion for protective order.wpd

4. Before filing this motion, defense counsel conferred in good faith with counsel for the Plaintiff in an effort to resolve this dispute without court action. This matter may still be resolved without court action and, if so, the undersigned counsel will notify the Court immediately that this motion is moot. However, at this time, counsel for the Plaintiff has not agreed to voluntarily postpone the depositions.

5. The Defendant has volunteered, and agrees, to reimburse the Plaintiff's attorney for any non-refundable travel expenses that he has actually and reasonably incurred in connection with the scheduled deposition, to the extent no refund can be obtained.

/s/Brenton K. Morris
Brenton K. Morris (ASB: 8119-R46B)

**OF COUNSEL:**

BENTON & CENTENO, L.L.P.
2019 Third Avenue North
Birmingham, Alabama 35203
Phone: (205)278-8000
Facsimile: (205)278-8008
Email: bmorris@bcattys.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of September, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM-ECF system, which will send notification of such filing to all parties requesting electronic service, and, served a copy of the above and foregoing upon the below-listed persons/entities by depositing a copy of same in the United States mail, properly addressed, first-class postage prepaid, as follows:

Gerald Alan Templeton, Esq.
The Templeton Group, PC
1000 Providence Park, Suite 200
Birmingham, Alabama 35242

Jack R. Thompson, Jr., Esq.
Kracke & Thompson LLP
2204 Lakeshore Drive, Suite 306
Birmingham, Alabama 35205

Glenn Joseph Shaull, Esq.
Shaull Law Firm, P.C.
2201 Arlington Avenue South
Birmingham, Alabama 35205

/s/Brenton K. Morris
OF COUNSEL

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| GREGORY RUTH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CASE NO: 3:06-CV-1137-WKW-TFM |
| ) | |
| THE CADLE COMPANY ) | |
| ) | |
| Defendant. ) | |

### NOTICE OF RULE 30(b)(5) and 30(b)(6) NOTICE OF DEPOSITION

**Deponent:** Corporate Representative of Defendant - The Cadle Company

**Date:** September 19th, 2007

**Time:** To be agreed upon before or after other depositions.

**Location:** As Agreed or at:
The Cadle Company
100 North Center Street
Newton Falls, Ohio  44444

    **PLEASE TAKE NOTICE,** that legal counsel for the Plaintiff, Gregory Ruth will take the deposition of the deponent named above at the time, date and location indicated above, pursuant to Rule 30 of the Federal Rules of Civil Procedure, upon oral examination before a court reporter or other person lawfully authorized to administer oaths. The deposition will be taken for the purpose of discovery, for use as evidence in this action, and for such other purpose as permitted under the Federal Rules of Civil Procedure.

    **F.R.C.P. Rule 30(b)(6) Areas of Testimony Required:**

1. Creation, formation and operation of The Cadle Company.

2. Qualification of the Company to do Business in Alabama from 2004 through present

1

day.

3. All Accounting Systems, Computer Systems, email systems and Business operation areas of The Cadle Company. Further, all systems of any type used to maintain records on the collection of accounts.

4. Training, retention and employment of any personnel directly employed to collect accounts or who indirectly support the collection of accounts.

5. Civil actions filed against The Cadle Company for violations of the Fair Debt Collection Practices Act and the Fair Credit Reporting Act.

6. All Actions taken by the Defendant regarding the collection of the account of Gregory Ruth.

7. All actions and contact with Gregory Ruth's file. Including the acquisition, ownership, assignment, right to collect and decisions on the collection of the account.

8. Any electronic, computer, telephone or manual system used to receive or report information to any Credit Reporting Agency or Credit Reporting Bureau. Including technical testimony as to the actual operation of the systems by an employee of The Cadle Company who accesses and uses the system.

9. The financial results from of the operations of The Cadle Company.

**Document Request pursuant to F.R.C.P. 30(b)(5).**

The corporate representative shall produce, to the extent not previously produced, and before the start of all depositions, the following documents or things for inspection, review or copying:

1. The complete and original personnel file or any documents showing the relationship of the corporate representative as to his or her employment to The Cadle Company.

2. The complete and original Account file or Collection file maintained by Defendant for the Gregory Ruth account.

3. The complete and original documents evidencing the purchase or chain of assignment of the debt of Gregory Ruth from the original creditor to The Cadle Company.

4. The documents, forms, procedures, policies, photographs, videos, drawings, diagrams, or any other electronic or written information of any nature that were considered, used or reviewed by any deponent in providing testimony, formulating opinions or that is referenced during, the sworn testimony under all requested areas.

5. All policy and procedure manuals of The Cadle Company used or adopted from 2000 until the present day, including all revisions thereto in both written form or electronic.

6. Copies of all documents showing, explaining or documenting the creation, formation and legal entity status of The Cadle Company from inception to date, including the originals of the Articles of Incorporation, Bylaws, Stock Certificates and Corporate Minutes.

7. Copy of the complete corporate tax return, Federal and State, for The Cadle Company for the year 2006. Also copies of any documents filed with the Alabama Department of Revenue for The Cadle Company for the same period.

8. All the documents reviewed by the corporate representative in preparation for the testimony or which may be referred to at the trial of this case by the representative.

9. Any document or electronic information that refers to the Plaintiff Gregory Ruth.

10. The personnel file of the person or persons who made the decision to file the civil action against Albert Thompson.

The deposition will continue from time to time until completed.

Respectfully Submitted,

/s/ Gerald A. Templeton
**Gerald A. Templeton, Esq.**
Attorney for Plaintiff

**OF COUNSEL:**
**THE TEMPLETON GROUP, P.C.**
1000 Providence Park, Suite 200
Birmingham, Alabama 35242
(205) 980-8828 phone
(205) 980 8848 Facsimile
jerry@ttgpc.com email

## CERTIFICATE OF SERVICE

I hereby certify that on this the __15th__ day of August 2007, served via First-Class mail, postage prepaid, a true and correct copy of the foregoing document to the following parties:

**Jack R. Thompson, Jr., Esq.**
KRACKE & THOMPSON, LLP
808 29th Street South
Birmingham, AL 35205
205 933 2756

/s/ Gerald A. Templeton
OF COUNSEL

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| GREGORY RUTH, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )   CASE NO: 3:06-CV-1137-WKW-TFM |
| | ) |
| THE CADLE COMPANY | ) |
| | ) |
|     Defendant. | ) |

### NOTICE OF RULE 30(b)(5) and 30(b)(6) NOTICE OF DEPOSITION

**Deponent:** Corporate Representative of Defendant - The Cadle Company

**Date:** September 19th, 2007

**Time:** To be agreed upon before or after other depositions.

**Location:** As Agreed or at:
The Cadle Company
100 North Center Street
Newton Falls, Ohio 44444

    **PLEASE TAKE NOTICE,** that legal counsel for the Plaintiff, Gregory Ruth will take the deposition of the deponent named above at the time, date and location indicated above, pursuant to Rule 30 of the Federal Rules of Civil Procedure, upon oral examination before a court reporter or other person lawfully authorized to administer oaths. The deposition will be taken for the purpose of discovery, for use as evidence in this action, and for such other purpose as permitted under the Federal Rules of Civil Procedure.

    **F.R.C.P. Rule 30(b)(6) Areas of Testimony Required:**

1. Creation, formation and operation of The Cadle Company.
2. Qualification of the Company to do Business in Alabama from 2004 through present

1

   day.

3. All Accounting Systems, Computer Systems, email systems and Business operation areas of The Cadle Company. Further, all systems of any type used to maintain records on the collection of accounts.

4. Training, retention and employment of any personnel directly employed to collect accounts or who indirectly support the collection of accounts.

5. Civil actions filed against The Cadle Company for violations of the Fair Debt Collection Practices Act and the Fair Credit Reporting Act.

6. All Actions taken by the Defendant regarding the collection of the account of Gregory Ruth.

7. All actions and contact with Gregory Ruth's file. Including the acquisition, ownership, assignment, right to collect and decisions on the collection of the account.

8. Any electronic, computer, telephone or manual system used to receive or report information to any Credit Reporting Agency or Credit Reporting Bureau. Including technical testimony as to the actual operation of the systems by an employee of The Cadle Company who accesses and uses the system.

9. The financial results from of the operations of The Cadle Company.

**Document Request pursuant to F.R.C.P. 30(b)(5).**

The corporate representative shall produce, to the extent not previously produced, and before the start of all depositions, the following documents or things for inspection, review or copying:

1. The complete and original personnel file or any documents showing the relationship of the corporate representative as to his or her employment to The Cadle Company.

2. The complete and original Account file or Collection file maintained by Defendant for the Gregory Ruth account.

3. The complete and original documents evidencing the purchase or chain of assignment of the debt of Gregory Ruth from the original creditor to The Cadle Company.

      4.      The documents, forms, procedures, policies, photographs, videos, drawings, diagrams, or any other electronic or written information of any nature that were considered, used or reviewed by any deponent in providing testimony, formulating opinions or that is referenced during, the sworn testimony under all requested areas.

      5.      All policy and procedure manuals of The Cadle Company used or adopted from 2000 until the present day, including all revisions thereto in both written form or electronic.

      6.      Copies of all documents showing, explaining or documenting the creation, formation and legal entity status of The Cadle Company from inception to date, including the originals of the Articles of Incorporation, Bylaws, Stock Certificates and Corporate Minutes.

      7.      Copy of the complete corporate tax return, Federal and State, for The Cadle Company for the year 2006. Also copies of any documents filed with the Alabama Department of Revenue for The Cadle Company for the same period.

      8.      All the documents reviewed by the corporate representative in preparation for the testimony or which may be referred to at the trial of this case by the representative.

      9.      Any document or electronic information that refers to the Plaintiff Gregory Ruth.

      10.      The personnel file of the person or persons who made the decision to file the civil action against Albert Thompson.

The deposition will continue from time to time until completed.

                Respectfully Submitted,

                /s/ Gerald A. Templeton
                **Gerald A. Templeton, Esq.**
                Attorney for Plaintiff

**OF COUNSEL:**
**THE TEMPLETON GROUP, P.C.**
1000 Providence Park, Suite 200
Birmingham, Alabama 35242
(205) 980-8828 phone
(205) 980 8848 Facsimile
jerry@ttgpc.com email

## CERTIFICATE OF SERVICE

I hereby certify that on this the __15th__ day of August 2007, served via First-Class mail, postage prepaid, a true and correct copy of the foregoing document to the following parties:

**Jack R. Thompson, Jr., Esq.**
KRACKE & THOMPSON, LLP
808 29th Street South
Birmingham, AL 35205
205 933 2756

/s/ Gerald A. Templeton
OF COUNSEL

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | |
|---|---|
| **GREGORY RUTH,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   Case No. CV06-1137-WKW |
| | ) |
| | ) |
| **THE CADLE COMPANY,** | ) |
| | ) |
| **Defendant.** | ) |

**PROTECTIVE ORDER**

Upon consideration of the Emergency Motion for Protective Order filed by the defendant (Doc. # ___), it is hereby

ORDERED that the motion is GRANTED.

Counsel for the Plaintiff is directed to submit to the Defendant an invoice and supporting documentation relating to any out of pocket travel expenses actually and reasonably incurred by him in connection with the deposition scheduled for September 19, 2007, for which no refund is available. Upon receipt of such invoice, the Defendant shall promptly reimburse the Plaintiff for such expenses.

DONE this _____ day of September, 2007.

_____
UNITED STATES DISTRICT JUDGE

**ORDER PREPARED BY:**
Brenton K. Morris
BENTON & CENTENO, L.L.P.
2019 Third Avenue North
Birmingham, Alabama 35203
Phone: (205)278-8000
Facsimile: (205)278-8008
Email: bmorris@bcattys.com

G:\wpusers\bkm\Client Files\Cadle Co\Protective Order.wpd